When Smith's bond became due, Deaton brought suit on it and Smith brought suit against Deaton upon his bond to make title. Deaton recovered a judgment against Smith, and Smith was nonsuited in his suit against Deaton.
Soon after Smith sued Deaton, Deaton tendered him a deed for the land, which he refused to accept. Deaton placed this deed in the hands of his attorney in the suit, and returned to Mississippi, where he resided.
An execution was sued out at the instance of Deaton on his judgment against Smith, and no personal property being found, the execution was levied upon Smith's equitable estate in the said tract of land, which was sold by the sheriff and purchased by James Gaines for a sum much less than the judgment and costs. Gaines, at the time of the purchase, had full notice of all the preceding facts, and of the further fact that Smith was insolvent, and had no property out of which the residue of Deaton's debt could be made. Some time after the sale of the land by the sheriff, and at the court at which Smith was nonsuited, Deaton's attorney handed to Gaines the deed aforesaid, but not by the direction of Deaton or with his knowledge.
It is submitted to the Court, whether Gaines is bound to pay the residue of the debt, or to surrender his purchase upon his receiving back the money he has paid with interest. (425)
Gaines was a bona fide purchaser under a regular judgment and execution, at a sheriff's sale. I would ask what principle of equity it is which can compel Gaines to pay the balance of the judgment or surrender the lands, as the complainant proposes. I confess I know of none. The equitable estate of Smith in the land was subject to an execution, by virtue of the act of Assembly of 1812, ch. 6. Gaines was the highest bidder. He is entitled to keep what he bought on paying his bid.
The bill should be dismissed with costs.